UNITED STATES of America,
Plaintiff–Appellee,

v.

Juan Antonio LOPEZ–VASQUEZ, also
known as Juan Antonio Lopez, also
known as Juan Antonio Lopez Vasquez, also known as Orlando Calderon, Defendant–Appellant.

No. 06–20060
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 4, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern Dis-

trict of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Philip G. Gallagher, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before DEMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM: *

Juan Antonio Lopez–Vasquez appeals from his guilty plea conviction and sentence for illegal reentry after deportation and following a conviction for an aggravated felony in violation of 8 U.S.C. § 1326. Lopez–Vasquez contends that his conviction for simple possession of a controlled substance should not have been treated as an "aggravated felony" for purposes of the eight-level enhancement under U.S.S.G. § 2L1.2(b)(1)(C). "Because [Lopez–Vasquez] has completed the confinement portion of his sentence, any argument that the prison term should be reduced is moot and the only portion of the sentence remaining for consideration is the defendant's term of supervised release." *United States v. Rosenbaum–Alanis,* 483 F.3d 381, 382 (5th Cir.2007). Counsel for Lopez–Vasquez indicates that Lopez–Vasquez presumably has been deported. Because he "is legally unable, without permission of the Attorney General, to reenter the United States to be present for a resentencing proceeding as required by [Federal Rule of Criminal Procedure] 43, there is no relief we are able to grant him and his appeal is moot." *Id.* at 383.

Lopez–Vasquez argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). His constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Lopez–Vasquez contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* 546 U.S. 919, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Lopez–Vasquez properly concedes that his argument is foreclosed by *Almendarez–Torres* and circuit precedent, but he raises it here solely to preserve it for further review.

Accordingly, Lopez–Vasquez's appeal of his sentence is DISMISSED AS MOOT and his conviction is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.